FILED

2010 NOV -1  AM 10: 11

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO MEDRANO,<br><br>                          Petitioner,<br><br>         v.<br><br>UNKNOWN,<br><br>                         Respondent. | Civil No.   10-2219 BEN (WVG)<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR TOLLING** |

      Petitioner, a state prisoner proceeding pro se, has filed a letter asking the Court to extend the deadline for filing his habeas corpus petition pursuant to 28 U.S.C. § 2254. The Court is without jurisdiction to extend the one-year statute of limitations of 28 U.S.C. § 2241(d)(1)(A)-(D), which provides that the limitation period shall run from the latest of:

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (2008).

    The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

    Petitioner has not filed a Petition for writ of habeas corpus in this action. Therefore, unless Petitioner is a capital prisoner, he has not initiated habeas proceedings in this Court. *Calderon (Nicolaus) v. United States District Court*, 98 F.3d 1102, 1107 n. 3 (9th Cir. 1996) (stating that "[u]nlike non-capital prisoners who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request for appointment of counsel"); *McFarland v. Scott*, 512 U.S. 849 (1994). Petitioner does not contend that he is a capital prisoner, that is, a prisoner under sentence of death, and there is nothing in the documents he has submitted which indicates that he is a capital prisoner.

## CONCLUSION

    For the foregoing reasons, Petitioner's request to toll or extend the statute of limitations is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: 11/1/2010

Roger T. Benitez
United States District Judge